IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE

MARY ANN LANZOT ABRAHAM and
RODRIGUEZ ROMAN

Debtors

CASE NO. 24-04740 (ESL)

CHAPTER 7

<u>OPINION AND ORDER DENYING RECONSIDERATION</u>

This case is before the court upon the *Motion for Reconsideration* filed by the Debtors on September 2, 2025 (dkt. #70), the response filed by the Chapter 7 Trustee (the "Trustee") (dkt. #81), and the Debtors' reply (dkt. #89).

For the reasons stated herein, the *Motion for Reconsideration* is DENIED.

<u>Factual and Procedural Background</u>

1. On March 6, 2025, the Debtors filed an amended *Schedule C* "to claim the corresponding exemptions over tax refunds" (dkt. #35, ¶ 2), specifically "2024 Debtor's Tax Refund $1,564.00" and "2024 Joint Debtor's Tax Refund $1,686[.]00" for a "[t]otal 2024 Tax Refun[d] [of] $3,250.00" pursuant to "Law No. 55-2020, Title 3[,] Ch. 1, Art. 1157(h)" (<u>id.</u>, p. 15).

2. On March 31, 2025, the Chapter 7 Trustee (the "Trustee") filed an *Objection To Debtor's[sic] Amended Claimed Exemption And For Turnover* under 11 U.S.C. § 542 (dkt. #39), averring that tax refunds are not wages or professional fees as contemplated in Article 1157(h) of the Puerto Rico Civil Code (2020).

3. On May 9, 2025, the Debtors filed an amended *Schedule C* "to correct the exemption claimed for tax refunds" (dkt. #52, ¶ 1), specifically "2024 Debtor's Tax Refund $1,564.00" and "2024 Joint Debtor's Tax Refund $1,686[.]00" for a "[t]otal 2024 Tax Refun[d] [of] $3,250.00" pursuant "Law No. 55-2020, Title 3, Ch. 1, Art. 1157(d)" (<u>id.</u>, p. 4)[1]. <u>See also</u>

---

[S] <u>See</u> Article 1157(d) of the Puerto Rico Civil Code, 31 L.P.R.A. § 930(b) (2020).

*Response to Trustee's Objection To Debtor's Amended Claimed Exemption And For Turnover*, dkt. #53.

4. On June 4, 2025, the Trustee filed an *Objection to Debtor's[sic] Second Amended Claimed Exemption and for Turnover* (dkt. #56) because tax refunds are not "provisions" as contemplated in Article 1157(d) of the Puerto Rico Civil Code (2020).

5. On July 2, 2025, the Debtors filed an *Opposition to Trustee's Objection to Second Amended Claimed Exemption and Request for Turnover* (dkt. #60), arguing, among other things, that the statute's language is not so restricted as the Trustee asserts, that the ordinary meaning of "provisions" encompasses all other resources and funds earmarked for subsistence, not expressly limited to physical consumables, and that exemptions must be liberally construed in favor of the Debtors' fresh start.

6. On August 19, 2025, Judge Edward A. Godoy issued an *Order* (dkt. #68) that reads as follows:

> The Trustee's objection to the debtor's claimed exemption over the tax refund for year 2024 is granted for the reasons stated at docket number 56. Ms. Mary Ann Lanzot and Mr. Abraham Rodriguez Roman allege that the tax refunds may be exempted under P.R. Laws Ann. tit. 31, § 1157(d) which protects: "the provisions realistically destined to the individual or family use in an amount sufficient for a month." Section 1157 of the 2020 Puerto Rico Civil Code lists all the property that is exempted from attachment. P.R. Laws Ann. tit. 31, § 1157. It provides for specific situations where money or money accounts are exempted from attachment. See § 1157(h) (Exempts one third of the salaries received within 30 days.); § 1157(i) (Exempts all the monies, benefits, privileges or immunities that arise from an insurance policy of the debtor.); 1157(j) (Exempts the balance of funds in retirement accounts.); and § 1157(k) (Exempts the balance of the accumulated benefits in private retirement plans covered by federal law.) The court cannot conclude that "provisions" under § 1157(d), include anything more than food and/or supplies for the use of the family, considering that the law specifically enumerates under which circumstances money or money accounts are exempted from attachment. And the debtors have not persuaded the court to reach another conclusion.

7. On September 2, 2025, the Debtors filed a *Motion for Reconsideration* pursuant to Fed. R. Civ. P. 59(e) (dkt. #70), averring that the court misapplied the legal standard under Fed. R. Bankr. P. 4003(c) by shifting the burden of persuasion on the validity of the claimed exemption

to the Debtors, burden which "rests with the Trustee, as the objecting party — a burden that as fully briefed on Debtors' *Opposition*, was not met" (id., p. 2). Debtors also argue that the court's interpretation of Article 1157 was "unduly restrictive and overlooked Debtors' statutory construction arguments" (id.), and the fact that "Article 1157 identify specific categories of exempt monetary resources does not preclude subsection (d) from covering modest tax refunds intended for family sustenance" (id.).

8. On August 8, 2025, this case was reassigned to Judge Enrique S. Lamoutte, who ordered the Trustee to state his position to the *Motion for Reconsideration*. See dkt. #71, 72.

9. On October 13, 2025, the Trustee filed a *Response to Debtor's Motion to Reconsider Order Sustaining Trustee's Objection to Claimed Exemptions* (dkt. #81), averring that the Debtors failed to show that a manifest error of law or newly found evidence justifies the application of Fed. R. Bankr. P. 59, that the court correctly applied the statutory construction and interpretation to Article 1157(d) and did not shift the burden of "proof" to the Debtors under Fed. R. Bankr. P. 4003(c). The plain meaning of the word "provisions" does not allow the court to expand its meaning, according to the rules of interpretation outlined in Articles 19 through 26 of the Puerto Rico Civil Code (2020).

10. The court ordered the Debtors to file a reply to the Trustee's response. See dkt. #82.

11. On November 7, 2025, the Debtors filed a *Reply in Support of Motion for Reconsideration* (dkt. #89), averring that the *Order* did not address the core statutory framework governing the interpretation of Article 1157(d), and inadvertently placed the burden of persuasion on the Debtors, contrary to Fed. R. Bankr. P. 4003(c), and thus a manifest error of law. Debtors argue that the applicable interpretive canon is Article 22 of the Puerto Rico Civil Code (2020), 31 L.P.R.A. § 5344, and thus the term "provisions" must be given its ordinary and commonly understood meaning, which, far from being restrictive, is inherently broad. "Had the Legislature intended to confine the 'provisions' exemption to food alone, it could have expressly done so. Instead, it deliberately used the broader term 'provisions,' extending the protection to 'provisions

actually destined for individual or family use, in an amount sufficient for one month.' (translation [theirs]), 31 L.P.R.A. § 9302" (id., p. 9).

Applicable Law and Analysis

(A)     Motion for Reconsideration Standard under Fed. R. Civ. P. 59(e)

Motions for reconsideration "are not recognized by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure in *haec verba*." In re Mujica, 470 B.R. 251, 253 (Bankr. D.P.R. 2012), *aff'd*, 492 B.R. 355 (D.P.R. 2013). See also Lavespere v. Niagara Mach. & Tool Works Inc., 910 F.2d 167, 173 (5th Cir. 1990), *cert. denied* 510 U.S. 859 (1993), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075–76 (5th Cir. 1994); In re Pabon Rodriguez, 233 B.R. 212, 218 (Bankr. D.P.R. 1999), *aff'd*, 2000 WL 35916017 (B.A.P. 1st Cir. 2000), *aff'd*, 17 F. App'x 5 (1st Cir. 2001), citing Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Portugues–Santa v. B. Fernandez Hermanos, Inc., 614 F.Supp.2d 221, 225 (D.P.R. 2009); In re Martinez, 2013 WL 3808076, at *4 (Bankr. D.P.R. 2013); In re Acosta, 497 B.R. 25, 31 (Bankr. D.P.R. 2013). Rather, federal courts have considered motions so denominated as either a motion to "alter or amend" under Fed. R. Civ. P. 59(e) or a motion for relief of judgment or order under Fed. R. Civ. P. 60(b)[2]. See Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009) (noting a motion for reconsideration implicated either Fed. R. Civ. P. 59(e) or 60(b)).

"These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies depends essentially on the time a motion is served. If a motion is served within [fourteen (14)] days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b)." Pabon Rodriguez, 233 B.R. at 219, quoting Van Skiver, 952 F.2d at 1243.

"The substance of the motion, not the nomenclature used or labels placed on motions, is controlling." In re Lozada Rivera, 470 B.R. 109, 112–113 (Bankr. D.P.R. 2012). Thus, for example, even if filed within the time limit for a motion under Fed. R. Civ. P. 59(e), a motion

---

[2] Fed. R. Civ. P. 59(e) are made to contested matters under Fed. R. Bankr. P. 9023 and 9024, respectively.

seeking relief on grounds of "excusable neglect" will be treated as a Fed. R. Civ. P. 60(b)(1) motion, because Fed. R. Civ. P. 59(e) does not provide a vehicle for a party to undo its own procedural failures. See In re Lozada Rivera, 470 B.R. at 113, citing 12–60 Moore's Federal Practice Civil § 60.03. Also see United States v. $23,000 in U.S. Currency, 356 F.3d 157, 164–165 (1st Cir. 2004) (even if timely filed under Fed. R. Civ. P. 59(e), a motion seeking relief on grounds of excusable neglect will be treated as Fed. R. Civ. P. 60(b)(1) motion, because Fed. R. Civ. P. 59(e) does not provide a vehicle for party to undo its own procedural failures); Jennings v. Rivers, 394 F.3d 850, 854–856 (10th Cir. 2005) (a motion timely filed under Fed. R. Civ. P. 59(e) but asserting ground for relief specified under Fed. R. Civ. P. 60(b), should be evaluated under standards applicable to Fed. R. Civ. P. 60(b) motions).

Fed. R. Civ. P. 59(e) authorizes the filing of a written motion to alter or amend a judgment after its entry. To meet the threshold requirements of a successful Fed. R. Civ. P. 59(e) motion, such motion must demonstrate the "reason why the court should reconsider its prior decision" and "must set forth facts or law of a strongly convincing nature" to induce the court to reverse its earlier decision. In re Schwartz, 409 B.R. 240, 250 (B.A.P. 1st Cir. 2008), citing Pabon Rodriguez, 233 B.R. at 218. See also Mujica, 470 B.R. at 254. For a motion for reconsideration to succeed, "the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." In re Redondo Constr. Corp., 2019 WL 6130938, at *3 (Bankr. D.P.R. 2019), *aff'd*, 621 B.R. 81 (D.P.R. 2020), quoting Mulero-Abreu v. P.R. Police Dep't, 675 F.3d 88, 94 (1st Cir. 2012). See also Pabon Rodriguez, 233 B.R. at 218; BBVA v. Vazquez (In re Vazquez), 471 B.R. 752, 760 (B.A.P. 1st Cir. 2012), citing Aybar v. Crispin–Reyes, 118 F.3d 10, 16 (1st Cir. 1997); In re Zutrau, 563 B.R. 431, 449 (B.A.P. 1st Cir. 2017), citing Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7, n. 2 (1st Cir. 2005), quoting Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146, n. 2 (1st Cir. 2004).

Federal courts have consistently stated that a motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and

conservation of scarce judicial resources. See Pabon Rodriguez, 233 B.R. at 218. In practice, Fed. R. Civ. P. 59(e) motions are typically denied because of the narrow purposes for which they are intended. See id.; Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 245 (1st Cir. 2007) (motions under Fed. R. Civ. P. 59(e) are reviewed for abuse of discretion, reversing only where "the original judgment evidenced a manifest error of law ... or in certain other narrow situations").

"A motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment." Redondo, 2019 WL 6130938 at *2, quoting Marks 3-Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006). When a party is made aware that a particular issue will be relevant to its case but fails to produce readily available evidence pertaining to that issue, the party may not introduce that evidence to support a Fed. R. Civ. P. 59(e) motion. See Pabon Rodriguez, 233 B.R. at 218. "Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration." Redondo, 2019 WL 6130938 at *3, quoting Lepore v. Vidockler, 792 F. 2d 272, 274 (1st Cir. 1986). Neither can the party use this motion to raise novel legal theories that it had the ability to address in first instance. See Pabon Rodriguez, 233 B.R. at 218. A motion for reconsideration cannot be used as a vehicle to re-litigate matters already litigated and decided by the court. See Standard Química de Venezuela v. Central Hispano International, Inc., 189 F.R.D. 202, 205, n. 4 (D.P.R. 1999). A such, a party moving for Fed. R. Civ. P. 59(e) relief may not repeat arguments previously made, see Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008), "rehash arguments previously rejected or … raise ones that 'could, and should, have been made before judgment issued." Soto-Padró v. Public Buildings Authority, 675 F.3d 1, 9 (1st Cir. 2012) (citations omitted). "[M]otions for reconsideration should not give parties a 'second bite at the apple' or 'another roll of the dice' ". Redondo, 2019 WL 6130938 at *2, quoting Conway v. A.I. DuPont Hosp. for Children, 2009 WL 1492178, at *4 (E.D. Pa. 2009). Also see In re Vazquez, 471 B.R. at 761("in denying

-6-

reconsideration, the bankruptcy court correctly applied the First Circuit precedent against a second bite at the apple: litigants may not use Fed. R. Civ. P. 59(e) to advance arguments they could have made earlier"). "It is therefore exceedingly difficult for a litigant to succeed in a Fed. R. Civ. P. 59(e) motion." In re Mujica, 470 B.R. at 254, citing ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008).

(B)     Discussion

Upon filing for bankruptcy, "all of the debtor's assets become property of the bankruptcy estate, subject to the debtor's right to reclaim certain property as exempt." Schwab v. Reilly, 560 U.S. 770, 774 (2010) (internal citations omitted). "Unless a party in interest objects, the property claimed as exempt … is exempt." 11 U.S.C. § 522(l). Courts have consistently held that "[a] debtor's exemption claim is prima facie valid and absent a valid objection within the statutorily given time, the property claimed as exempt is removed from the estate." In re Padilla Cruz, 585 B.R. 255, 265 (Bankr. D.P.R. 2018) (citations omitted). Fed. R. Bankr. P. 4003(c) places "the burden of proving that an exemption was not properly claimed" on the objecting party. Fed. R. Bankr. P. 4003(c). "Initially, this means the objecting party has the burden of production and the burden of persuasion." Elliott v. Weil (In re Elliott), 523 B.R. 188, 192 (B.A.P. 9th Cir. 2014) (citation omitted). "If the objecting party can produce evidence to rebut the exemption, the burden then shifts back to the debtor to come forward with evidence to demonstrate that the exemption is proper." In re Soori-Arachi, 623 B.R. 181, 193 (B.A.P. 1st Cir. 2021), quoting In re Lerner, 611 B.R. 409, 416 (Bankr. D. Kan. 2019) (citations omitted).

In this case, the Debtors claim a tax refund as exempt pursuant to Article 1157(d). See dkt. #52, p. 4. The Trustee filed an objection to the claimed exemption, which this court granted after analyzing the text of subsection (d) together with subsection (h, i, j, k) (money or money accounts exempted from attachment). The Debtors argue that the court committed an error of law when it misapplied Fed. R. Bankr. P. 4003(c) by shifting the burden of persuasion on the validity of the claimed exemption to the Debtors.

The court agrees with the analysis and conclusions set forth in Judge Godoy's *Order* regarding the inapplicability of Article 1157(d) to the 2024 tax refund. The Trustee timely filed an objection and bore the burden of showing that the exemption claimed was improper. By so doing, the Trustee rebutted the exemption's prima facie validity, which shifted the burden back onto the Debtors, who failed to establish that the claimed exemption was proper. See, *e.g.*, In re Soori-Arachi, 623 B.R. at 193. Fed. R. Bankr. P. 4003(c) was thus correctly applied. As such, this court denies reconsideration of the *Order* sustaining the Trustee's objection to Debtors' claimed exemption

CONCLUSION

For the reasons stated herein, the *Motion for Reconsideration* (dkt. #70) is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 8th day of January 2026.

Enrique S. Lamoutte
United States Bankruptcy Judge